# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| JUAN ALBERTO FONSECA TORRES, | ) | CASE NO. 4:26-CV-00998-DCN |
|  | ) |  |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
|  | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) |  |
|  | ) | MAGISTRATE JUDGE |
| KENNETH HOOVER, *et al.* | ) | JENNIFER DOWDELL |
|  | ) | ARMSTRONG |
|  | ) |  |
| Respondents. | ) | **REPORT AND RECOMMENDATION** |
|  | ) |  |

Petitioner, Juan Alberto Fonseca Torres ("Mr. Fonseca Torres") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). Mr. Fonseca Torres names as respondents: Kenneth Hoover, Warden of the Northeast Ohio Correctional Center; Robert Lynch, ICE Field Office Director; Todd M. Lyons, Acting Director of U.S. Immigration and Customs Enforcement; and Markwayne Mullin, Secretary of the U.S. Department of Homeland Security ("Respondents").[1]

In the petition, Mr. Fonseca Torres, a citizen of Mexico who says that he has lived in the United States for over 25 years, alleges, among other things, that his due process rights are being violated because immigration authorities are detaining him pending removal proceedings without providing him with a bond hearing. In particular, Mr. Fonseca Torres argues that Respondents

---

[1] In a footnote to their return of writ (ECF No. 5), Respondents state that the proper respondent is Kevin Raycraft, the current ICE Field Office Director for the facility where Mr. Fonseca Torres is detained. I agree. *See Roman v. Ashcroft*, 340 F.3d 314, 320-22 (6th Cir. 2003) (holding that the proper respondent in the immigration context is the INS District Director for the facility where the petitioner is being detained). Accordingly, I recommend that the Court substitute Field Director Raycraft for Mr. Lynch and dismiss the remaining Respondents.

1

have erroneously determined that he is an "applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(b)(2)(A), and thus must be detained pending removal proceedings. Mr. Fonseca Torres argues that he is not "seeking admission" for purposes of § 1225(b)(2)(A) because he has been residing in the country for decades and is not actively seeking to be admitted. He asserts that he is instead subject to 8 U.S.C. § 1226(a), which entitles him to a bond hearing.

As they have in numerous other proceedings throughout the country, Respondents opposed Mr. Fonseca Torres' petition, arguing that all aliens present in the country who have not been properly admitted following inspection are "seeking admission" and are subject to § 1225(B)(2)(A). On May 11, 2026, however, the Sixth Circuit issued its decision in *Lopez-Campos v. Raycraft*, --- F.4th ---, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026). The Sixth Circuit held, in a split decision, that aliens already present in the country who are not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer" are not "seeking admission" and "are thus not subject to § 1225(b)(2)(A)'s mandatory detention scheme." *Id*. at *4. Instead, those aliens are subject to § 1226(a). *Id*. at *11. In light of that determination, the Sixth Circuit also held that the district courts did not err in holding that petitioners had a Fifth Amendment due process right to an individualized bond hearing. *Id*. at *13.

On May 14, 2026, Respondents filed a "Notice of Adverse Decision," advising the Court of the *Lopez-Campos* decision. (ECF No. 7). Respondents state that they are evaluating their appellate options in *Lopez-Campos*, but that the decision "is binding on this Court and controls the outcome of this matter." *Id*. at PageID # 84. Respondents request that the Court order that Mr. Fonseca Torres be immediately released or provided with a bond hearing before an immigration judge within seven days of the date of the Court's order. In light of Respondents' concession that *Lopez-Campos* controls, I recommend that the Court grant in part Mr. Fonseca Torres' habeas

2

petition and order that he be immediately released from custody or given an individualized bond hearing within seven days of the date of the Court's order.

The parties disagree regarding how the Court should address any remaining claims. Respondents say that, under *Lopez-Campos*, Mr. Fonseca Torres is detained under § 1226(a) and is entitled to a bond hearing under the Fifth Amendment, and that the Court "need not proceed to evaluate any other claims raised in the Petition." (ECF No. 7, PageID # 83-84). On May 18, 2026, Mr. Fonseca Torres filed a response to Respondents' notice of adverse decision, taking issue with that assertion. (ECF No. 8). Mr. Fonseca Torres argues that his due process claim will not be moot if the Government conducts a bond hearing that is constitutionally inadequate.

The extent to which any remaining claims in Mr. Fonseca Torres' petition will become moot will necessarily depend on whether the Government releases him or grants him a bond hearing, and it may also depend on the procedures used and outcome reached at any bond hearing. Accordingly, I recommend that the Court order the parties to file a status report within five days of the date on which Respondents release Mr. Fonseca Torres or provide him with a bond hearing, confirming that Respondents have complied with the Court's order and stating whether either party believes there are any remaining issues with respect to the petition.

**RECOMMENDATION**

For the reasons set forth above, I RECOMMEND that the Court GRANT IN PART Mr. Fonseca Torres' petition and ORDER that Mr. Fonseca Torres be immediately released from custody or granted an individualized bond hearing before an immigration judge within seven (7) days of the Court's order. I also recommend that the Court order the parties to file a status report within five (5) days of the date on which Respondents release Mr. Fonseca Torres or provide him with a bond hearing, confirming that Respondents have complied with the Court's order and stating whether there are any remaining issues with respect to the petition. Finally, I recommend

that the Court substitute Field Director Kevin Raycraft for Mr. Lynch and dismiss all other

Respondents.

Dated: May 19, 2026

/s Jennifer Dowdell Armstrong
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of

the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the

United States Court of Appeals, depending on how or whether the party responds to the report and

recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be

specific and not merely indicate a general objection to the entirety of the report and

recommendation; a general objection has the same effect as would a failure to object. *Howard v.*

*Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

4

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).