**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN ALBERTO FONSECA TORRES, | ) | CASE NO.:  4:26 CV 998 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | ORDER ADOPTING |
| | ) | MAGISTRATE'S REPORT AND |
| KENNETH HOOVER, *et al.* | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jennifer Dowdell Armstrong.   The Report and Recommendation (ECF # 9), issued on May 19, 2026, is hereby ADOPTED by this Court.  Plaintiff petitioned for a writ of habeas corpus under 28 U.S.C. §2241, and alleges violations of his due process rights under the Fifth Amendment of the United States Constitution.   Mr. Torres argues that he was erroneously held under 8 U.S.C. §1225(b)(2)(A), which does not provide for a bond hearing during the pendency of removal proceedings.  Instead, he argued that because he has been in the United States for decades and is not actively seeking admission,  he should have been held subject to 8 U.S.C. §1226(a), which would have entitled him to a bond hearing.  The government initially opposed his reclassification, but following the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*,  — F.4th —, Nos. 25-

1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026), filed a notice of adverse decision acknowledging that this case supported his reclassification under these immigration provisions. (EF #7).

The Magistrate's report and recommendation is correct and well reasoned based on the law and the facts applicable to this case. The report recommends that the Court substitute Field Director Raycraft for Mr. Lynch and dismiss the remaining Respondents. The Court finds this recommendation to be legal correct under *Roman v. Ashcroft*, 340 F.3d 314, 320-22 (6th Cir. 2003), and, therefore, ADOPTS this recommendation.

The Magistrate further recommends that Mr. Torres' motion for habeas relief be granted in part, and that the Court order him to either be released from custody or given an individualized bond hearing within seven days of the Court's order. As there is no dispute that the Sixth Circuit requires a bond hearing under these circumstances, the Court agrees that Mr. Torres is entitled to a bond hearing. Therefore, the Government is ordered to ensure that Mr. Torres receives an individualized bond hearing, which comports with constitutional requirements, on or before May 27, 2026. If a hearing cannot be conducted within that time frame, the government is ordered to release him from custody.

The Magistrate also recommends that the parties file a status report within five days after a hearing is held, or Mr. Torres is released, to address the due process claims and other any remaining issues that arise from the petition. The Court agrees that these issues can only be determined following the implementation the prior order, and so further orders that the parties submit a written status report no later than June 1, 2026.

Normally, there would be a fourteen day waiting period before implementing the

Magistrate's recommendation.  However, due to the nature of the case, and the parties agreement

that Mr. Torres is entitled to a bond hearing, the interests of justice weigh against any further

delay in ordering that a hearing take place.  Further, any disagreement with regard to the

resolution of the accompanying due process claims is preserved and can be addressed after the

bond hearing has taken place.  The Court has reviewed *de novo* the Report and Recommendation,

*see Ohio Citizen Action v. City of Seven Hills*, 35 F. Supp. 2d 575, 577 (N.D. Ohio 1999), and

ADOPTS the Report and Recommendation in its entirety.  (ECF # 10).   IT IS SO ORDERED.


_____
DONALD C. NUGENT
United States District Judge


DATED: _May 19, 2026_